UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Chelsie Dedecker,<br><br>individually and on behalf of all others similarly situated,<br>                                           Plaintiff,<br><br>-v.-<br><br>Sprechman & Fisher, P.A. d/b/a Law Office of Sprechman & Fisher, P.A.; Aventura Senior Advisory Service, Inc.; and John Does 1-25,<br>                                           Defendants. | Case No.: 1:21-cv-21739<br><br>**CLASS ACTION COMPLAINT**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Chelsie Dedecker brings this Class Action Complaint by and through her attorneys, Zeig Law Firm, LLC, against Defendants Law Office of Sprechman & Fisher, P.A. d/b/a Law Office of Sprechman & Fisher, P.A. ("Sprechman") and Aventura Senior Advisory Service, Inc. ("Aventura"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiffs, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. The Fair Debt Collection Practices Act ("FDCPA') was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* The Act concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), consumers were given a private cause of action against debt collectors who fail to comply with the Act. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendant jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides.

## NATURE OF THE ACTION

5. Plaintiffs brings this class action on behalf of a class of Florida consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Florida, County of Miami-Dade.

8. Defendant Sprechman is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, located at 2775 Sunny Isles Blvd, Suite 100, North Miami Beach, FL 33160.

9. Upon information and belief, Defendant Sprechman is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant Aventura is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, located at 2775 Sunny Isles Boulevard, Suite 100, Miami, FL 33160.

11. It appears that both defendants are located at the same address and share an office.

12. Upon information and belief, Defendants Aventura is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

13. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

14. Plaintiffs bring this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

15. The Class consists of:
    a. all individuals with addresses in the State of Florida;
    b. to whom Sprechman sent an initial letter;
    c. on behalf of Aventura;
    d. attempting to collect a consumer debt;
    e. in two sub-classes where the letter:

        1. states a balance amount "plus interest" without stating the amount of interest or a way to calculate it; or

        2. failed to properly identify the alleged current creditor;

    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

16. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

17. Excluded from the Plaintiffs Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

18. There are questions of law and fact common to the Plaintiffs Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

19. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiffs Class defined in this complaint. The Plaintiffs has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

20. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and 1692g.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

21. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

23. Plaintiff repeats the above allegations as if set forth here.

24. Some time prior to December 28, 2020, Plaintiff allegedly incurred an obligation to non-party Summit Financial Corp. ("Summit").

25. The obligation arose out of transactions incurred primarily for personal, family, or household purposes, specifically a personal car loan.

26. The alleged Summit obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

27. Summit is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

28. According to Defendants' letter Aventura purchased the alleged debt.

29. Aventura collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

30. According to Defendants' letter, Sprechman represents Aventura.

31.     Sprechman collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violation – December 28, 2020 Collection Letter*

32.     On or about December 28, 2020, Defendants sent Plaintiff an initial collection letter regarding the alleged debt.  See Letter attached as Exhibit A.

33.     The Letter states:

> Original Creditor:     Summit Financial Corp.
> Our File No.:          [redacted]
> Principal Balance:     $10,834.59 plus Interest

34.     No amounts are listed relating to the "plus interest".

35.     No formula is provided for how to calculate the "interest".

36.     No timeline is given for when this interest might be assessed.

37.     Plaintiff was therefore unable to determine the actual total balance due.

38.     Plaintiff was unable to make payment for fear that whatever she would pay could potentially be deemed insufficient by Defendants to cover the undefined amount of "plus interest".

39.     Defendants are required to advise the debtor "what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase". *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 216 (2d Cir. 2017).

40.     Furthermore, Section 1692g of the FDCPA requires an initial communication to contain the name of the creditor to whom the debt is owed.

41.     However, the letter deceptively fails to identify who is the current creditor to whom the alleged debt is owed.

42. The letter states that Aventura Senior Advisory Service, Inc. as "our client" but does not clearly identify anyone as the current creditor.

43. The letter further clouds the issue by stating that Aventura purchased and is the owner of the debt but that all payments should be made to Sprechman.

44. It is deceptive to not clearly state who the creditor is in any collection letter sent to a consumer.

45. As a result of Defendant's false and unfair debt collection practices, Plaintiff has been damaged.

46. Plaintiff was therefore unable to evaluate her options of how to handle this debt.

47. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

48. In addition, Plaintiff suffered emotional harm due to Defendants' improper acts.

49. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

50. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

51. Defendants' deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

52. Defendants' actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendants' debt collection.

53. Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

54. Plaintiff would have pursued a different course of action were it not for Defendants' statutory violations.

55. As a result of Defendants' deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

56. Plaintiff repeats the above allegations as if set forth here.

57. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

58. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any deceptive, or misleading representation or means in connection with the collection of any debt.

59. Defendants violated said section by:

   a. Using false, deceptive, or misleading representation or means to collect the alleged debt, in violation of § 1692e;

   b. Failing to clearly state the full balance and to identify the current creditor, in violation of §1692e (10);

   c. Falsely representing the character, amount or legal status of the debt in violation of §1692e (2).

60. By reason thereof, Defendants is liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e, *et seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

61. Plaintiff repeats the above allegations as if set forth here.

62. In the alternative, Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692f.

63. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

64. Defendants violated this section by unfairly failing to clearly state the full balance and to identify the current creditor.

65. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f, *et seq*. of the FDCPA and Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g *et seq.*

66. Plaintiff repeats the above allegations as if set forth here.

67. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

68. Pursuant to 15 USC §1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the

following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing --

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed; …

69. Defendants violated 15 U.S.C. §1692g by failing to clearly state the full balance and to identify the current creditor.

70. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

71. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Chelsie Dedecker, individually and on behalf of all others similarly situated, demands judgment from Defendants Sprechman and Aventura as follows:

a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Justin Zeig, Esq., as Class Counsel;

b) Awarding Plaintiff and the Class statutory damages;

c) Awarding Plaintiff and the Class actual damages;

d) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e) Awarding pre-judgment interest and post-judgment interest; and

  f)  Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: May 6, 2021           Respectfully submitted,

                     **Zeig Law Firm, LLC**

                     s/ Justin Zeig
                     By: Justin Zeig, Esq
                     Zeig Law Firm, LLC
                     3475 Sheridan Street, Ste 310
                     Hollywood, FL 33021
                     Phone: (754) 217-3084
                     Fax: (954) 272-7807
                     Justin@zeiglawfirm.com

                     *Attorneys for Plaintiffs*